**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **L.T., G.R., M.R., J.M., X.M., A.M., M.M., and I.T.**

**No. 22-692** (Randolph County 21-JA-007, 21-JA-008, 21-JA-009, 21-JA-010, 21-JA-011, 21-JA-012, 21-JA-014, and 21-JA-031)

**MEMORANDUM DECISION**

Petitioner Mother R.M.[1] appeals the Circuit Court of Randolph County's August 5, 2022, order terminating her parental rights to L.T., G.R., M.R., J.M., X.M., A.M., M.M., and I.T.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21.

On February 12, 2021, the DHHR filed an abuse and neglect petition alleging that petitioner's boyfriend resided in the home with petitioner and subjected the children to physical and sexual abuse. The DHHR filed several amended petitions, with the third and final one filed on August 18, 2021. In that petition, in addition to the allegations contained in the original petition, the DHHR alleged that the boyfriend threatened to kill G.R. if she told of the abuse. The petition also alleged that the boyfriend struck the children with his hand and various objects, such as fishing poles, boards, broom handles, golf clubs, cords, and wet towels. Additionally, the petition alleged that the boyfriend strangled G.R.; G.R.'s nose was broken as a result of being repeatedly struck in the face; X.M. sustained multiple injuries after the boyfriend struck him with an HDMI cord, but petitioner ignored his complaints; several children reported they were forced to kneel with their knees and head on the floor for extended periods while keeping their hands behind their back; petitioner and the other children repeatedly heard M.M., who received the majority of the abuse, crying out for help when the boyfriend was punishing him; food was withheld from the children for days at a time as punishment; the boyfriend committed domestic violence against petitioner in the presence of the children; petitioner failed to protect the children from abuse; and petitioner witnessed but ignored the abuse and resulting injuries to the children. In addition, the petition alleged that petitioner struck at least one of the children with a golf club.

---

[1]Petitioner appears by counsel J. Brent Easton. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Lee Niezgoda. Counsel Heather M. Weese appears as the children's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

On January 26, 2022, petitioner entered into a written stipulation for purposes of adjudication, admitting that "although she too was a victim of the psychological and physical abuse occurring in the home caused by [the boyfriend], she nonetheless had a responsibility to protect the children from the harm and remove [them] to a safe environment, which she failed to do." The court adjudicated petitioner as an abusive and neglectful parent. On that same date, petitioner filed a motion for a post-adjudicatory improvement period. Following several continuances, petitioner's dispositional hearing was held on July 22, 2022, during which the court heard testimony from petitioner, petitioner's parenting educator, petitioner's therapist, petitioner's community engagement specialist, and a former Child Protective Services ("CPS") worker who investigated the case. According to that testimony, petitioner failed to disclose the allegations of abuse to her parent educator or her therapist, in addition to failing to disclose domestic violence or continued contact with her abuser to her therapist. She repeatedly denied contact with the boyfriend until she was confronted with evidence of that contact. The former CPS worker testified that the children were tortured in the home while petitioner was present and that the children reported petitioner's participation in the abuse. When petitioner was questioned under oath during the dispositional hearing, she repeatedly denied that she and the children were physically abused by the boyfriend, despite the fact that she previously stipulated to failing to protect the children. In fact, when asked what she did that was abusive and neglectful toward the children, she testified that she "didn't do anything." However, when a recording of her interview was played, during which she admitted to physical abuse by the boyfriend against her, she completely changed her testimony.

Thereafter, the court entered its August 5, 2022, dispositional order, finding that it was contrary to the children's best interests to afford petitioner an improvement period. It also found that petitioner was unwilling or unable to adequately provide for the children's needs, that there is no reasonable likelihood that the conditions of abuse and neglect at issue can be substantially corrected in the near future, and that the welfare and best interests of the children necessitate the termination of petitioner's parental rights.[3] Petitioner appeals from that order.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

Before this Court, petitioner raises a single assignment of error, that the circuit court erred by terminating her parental rights without granting a post-adjudicatory improvement period. In support of her argument, petitioner contends that she presented clear and convincing evidence of her likelihood to fully participate in an improvement period as required by West Virginia Code § 49-4-610. She further asserts that she maintained suitable housing, maintained employment, and owned two vehicles. Petitioner also points to the DHHR's findings, in and prior to 2018, that she was a suitable adoptive parent.

---

[3]The parental rights of the father of L.T. and I.T. were terminated. The parental rights of T.M., the adoptive father of J.M., X.M., A.M., and M.M., were terminated. M.R. and G.R. were previously adopted by petitioner alone. G.R. reached the age of majority during the proceedings. The permanency plan for the minor children is adoption by their respective foster families and kinship placements.

Petitioner acknowledges that a circuit court has discretion to deny an improvement period when no improvement is likely. *In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). While petitioner argues that the DHHR previously found her to be a suitable adoptive parent to some of the children, this determination was made prior to the boyfriend moving into the home. Given that the circuit court found petitioner repeatedly failed to acknowledge the domestic violence and abuse in the home until confronted with her prior statements, including her failure to discuss the issue with her therapist for an extended period of time, and her refusal to acknowledge the impact of the violence upon the children, we find no abuse of discretion as petitioner foreclosed improvement by virtue of those failures. *See In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) ("[f]ailure to acknowledge the existence of the problem . . . results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense" (citation omitted)). Those failures were in addition to evidence that petitioner engaged in physical violence against the children and ignored their cries for help when being abused by her boyfriend. We, therefore, find that the circuit court did not err in denying petitioner a post-adjudicatory improvement period, as the same would have been an exercise in futility.

In addition, to the extent petitioner assigns error to the termination of her parental rights, the same facts and circumstances that justified the circuit court's denial of petitioner's motion for an improvement period also support termination. Because the circuit court made the findings required for termination of petitioner's parental rights upon ample evidence, we find no error in termination. *See* W. Va. Code § 49-4-604(c)(6) (permitting circuit court to terminate parental rights upon finding no reasonable likelihood the conditions of abuse and neglect can be substantially corrected in the near future and when necessary for the children's welfare).

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 5, 2022, order is hereby affirmed.

Affirmed.

**ISSUED**: September 20, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

3